**FORSYTH COUNTY HOSPITAL AUTHORITY, INC. d/b/a Forsyth Memorial Hospital, Plaintiff–Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellee.**

No. 88–1529.

United States Court of Appeals, Fourth Circuit.

Argued June 8, 1988.

Decided Sept. 13, 1988.

Anthony H. Brett, Winston–Salem, N.C., Jeanne Schulte Scott, Washington, D.C., (Womble, Carlyle, Sandridge & Rice, Winston–Salem, N.C., on brief), for plaintiff-appellant.

Gary Allen Ratner, Asst. Regional Counsel, Atlanta, Ga., (Kenneth W. McAllister, U.S. Atty., Greensboro, N.C., Harry L. Hobgood, Asst. U.S. Atty., Durham, N.C., Bruce R. Granger, Chief Counsel, U.S. Dept. of Health and Human Services, Washington, D.C., on brief), for defendant-appellee.

Before WINTER, Chief Judge, and SPROUSE and CHAPMAN, Circuit Judges.

PER CURIAM:

Plaintiff, a Medicare provider, seeks reimbursement for interest expense incurred by it which had been disallowed by the Administrator of the Health Care Financing Administration (HCFA) in the same amount as the interest earned by the provider's related foundation from investing the proceeds of sale of a patient care asset given by the provider to the foundation. The district court affirmed the disallowances by the Administrator and plaintiff-provider, Forsyth Memorial Hospital (Hospital), appeals.

## I.

Hospital, a North Carolina non-profit corporation, was the owner of Hawthorne Apartments which it used to house hospital employees and as an inducement in recruiting physicians. In 1981, it caused Forsyth Memorial Hospital Foundation, Inc. (Foundation) to be incorporated. Foundation is also a North Carolina non-profit corporation, the corporate purpose of which is to support and operate for the benefit of Hospital. To that end, Foundation's charter provides that it use its income "for the exclusive benefit of or in furtherance of the purposes of [Hospital]." Hospital controls the governance of Foundation, and upon liquidation, Foundation's assets are required to be distributed to Hospital.

The parties have stipulated that Hospital and Foundation are "related organizations" as defined in 42 C.F.R. § 405.427 (1982).*

In 1982, Hospital gave the apartments to Foundation, and the following year Foundation sold the apartments to a third party for more than double their cost to Hospital. The net proceeds of sale were used by Foundation to purchase a surgical supply firm and a surgery center, with the balance invested in interest-bearing bank accounts.

When Hospital's fiscal year ended June 30, 1983, it sought reimbursement for Medicare expenses. Included were interest expenses incurred by Hospital in its operations for the past fiscal year. Although the Medicare intermediary reduced Hospital's claimed interest expenses by the amount of Foundation's interest income, the Provider Reimbursement Review Board reversed this decision. However, the Deputy Administrator of HCFA, in turn, reversed the decision of the Provider Reimbursement Review Board, and this litigation ensued.

## II.

In a memorandum opinion, the district court sustained the Administrator's decision to reduce Hospital's interest earned by Foundation during the like period on two alternative grounds. We agree with the district court's rulings.

---

* To the extent pertinent, 42 C.F.R. § 405.427(b)(1) (1982) defines "related organization" as the following:

Related to provider means that the provider to a significant extent is associated or affiliated with or has control of or is controlled by the organization furnishing the services, facilities, or supplies.

Most of the sections in Subpart D of 42 C.F.R. Part 405 have been redesignated into a new Part 413. Section 405.427 is now § 413.17, and § 405.419, discussed *infra*, is now § 413.153. *See* Medicare Program: Redesignation of Reasonable Cost Regulations, 51 Fed.Reg. 34,790–01 (Sept. 30, 1986).

First, the district court ruled that a provider of services to Medicare beneficiaries is by statute entitled to be reimbursed for only the "reasonable cost" of furnishing hospital services. *See* 42 U.S.C. §§ 1395cc, 1395f(b)(1). The Act also defines "reasonable cost" as "the cost actually incurred, excluding therefrom any part of incurred cost found to be unnecessary in the efficient delivery of needed health services...." *See* 42 U.S.C. § 1395x(v)(1)(A). That section also authorizes regulations, *inter alia*, of items to be included, and a regulation has been promulgated which limits reimbursement to "[n]ecessary and proper interest on both current and capital indebtedness ..." *See* 42 C.F.R. § 405.419(a) (1982). The regulation further provides that "necessary" interest is only that (a) incurred on a loan made because of the financial need of the provider, (b) the purpose of the loan was reasonably related to patient care, and (c) the reimbursable interest on the loan shall be reduced by interest income. *See* 42 C.F.R. § 405.419(b) (1982).

In the light of these provisions of the statute and the regulations, the district court concluded that Hospital's entire interest expense was not "necessary" because it had access to Foundation's income, and, moreover, Hospital's interest costs, to the extent that they could be matched by Foundation's interest income, were not "actually incurred", because Hospital had access to the proceeds of the sale of the apartments.

The district court's second alternative ground of decision was derived from the "related organizations doctrine" embodied in 45 C.F.R. § 405.427 (1982). While fully aware that the regulation by its terms proscribed only charges by one related organization to the other in excess of the lower of cost to the supplier or market price, the district court inferred from the regulation and the Medicare Act the principle that both costs and income of Foundation should be imputed to Hospital if necessary to assure that only reasonable and necessary costs of Hospital should be reimbursed. As it pointed out, what Hospital seeks would violate the purpose of the Act to provide health service for the disabled, the elderly and the poor but not to provide a windfall to health providers.

Hospital advances numerous arguments as to why the decision of the district court was incorrect. However, we are not persuaded. We affirm for the reasons set forth above, more fully explicated in the memorandum opinion of the district court. *See Forsyth County Hospital Authority v. Bowen*, 675 F.Supp. 1002 (M.D.N.C. 1987).

AFFIRMED.